M'MAHAN *vs.* GRANT AND TURNELL.

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

A proposition made by an endorser before the note became due, to arrange and provide means for its payment, which were not accepted by the holder, does not dispense with protest and due notice to the endorser.

Pending negotiations with an endorser before maturity of the note, which may or may not ripen into an agreement, cannot be considered as a waiver of protest and notice.

An assumed note by a vendee, bearing the first mortgage, must be paid in full, before those he gives can come in under his mortgage.

This is an action instituted by the widow of the late Dr. M'Mahan to recover from the defendants the balance due on their notes given for the purchase of a lot of ground.

The facts of the case show that in February, 1837, Dr. M'Mahan sold to Grant the lot in question, for fifteen thousand dollars; the purchaser assuming the payment of a note of three thousand five hundred dollars, given by M'Mahan to W. M'Cawley for the original purchase, and for the balance he gave his three promissory notes endorsed by Turnell; one for two thousand dollars, and two for four thousand seven hundred and fifty dollars, payable in one and two years after date, with mortgage on the property.

It seems that Grant only paid his note for two thousand dollars, when M'Mahan's widow, the present plaintiff took out an order of seizure and sale, had the property sold, and bought it in for eight thousand dollars. The sum of three thousand five hundred dollars was deducted for the amount of the assumed note, and the balance of the net proceeds of the sale applied to the payment of the first note of four thousand seven hundred and fifty dollars, leaving still a balance of eight hundred and three dollars and one cent, due and unpaid on it. The second note had not yet become due. When it came to maturity, having been filed in the proceedings already had against the property mortgaged to secure payment of all the notes, it was not protested or any notice of its dishonor given to Turnell the endorser.

EASTERN DIST.

*December*, 1840.

M'MAHAN
*vs.*
GRANT AND
TURNELL.

In order to do away with the necessity of protest, the plaintiff produced a witness who had acted as her agent, who declared that when the sale of the property had been made and bought in, he had an interview with Turnell, the endorser, who complained of the heavy loss he would sustain in taking up these notes, when witness proposed to him to raise part of the money in a few days, and further time would be given for the balance, and he might have the benefit of the bid by taking the property at eight thousand dollars. This he declined; but proposed transferring stocks, which was declined on the other side; and no arrangement was finally made. In the meantime the note in question became due, and not being in the possession of the agent it was not protested.

The district judge was of opinion the endorser was released by the neglect to protest and give notice of the dishonor and non-payment of the note. There was judgment against the defendant, Grant, for the balance due on the price of the lot, with interest; and against both defendants for four hundred and seventy-two dollars and twenty-five cents, as the balance due on the first of the two large notes endorsed by Turnell; and released him from his endorsement on the second one not protested. The plaintiff appealed.

*L. Janin,* for the plaintiff, relied on the arrangement which was in progress with Turnell to settle the amount of the second note, as making it unnecessary to protest it. He also pointed out the error in imputing the payments by the inferior court.

*C. M. Jones,* for the defendants.

*Morphy, J.,* delivered the opinion of the court.

On the 22d of February, 1837, Grant purchased of the late Dr. M'Mahan (whose estate is now represented by plaintiff) a lot of ground for fifteen thousand dollars. In the deed of sale he agreed to assume the payment of a note, of three thousand five hundred dollars yet due by M'Mahan, to his own vendor William M'Cawley, and bearing mortgage

on the property. For the residue of the stipulated price, he made and delivered his own notes to the order of and endorsed by Turnell his co-defendant, one of two thousand dollars payable thirty days after the sale, and two others of four thousand seven hundred and fifty dollars each, payable at one and two years from the same date; all these notes were secured by mortgage on the premises purchased. Grant took up at maturity his note of two thousand dollars, but having failed to pay any of the others, the plaintiff sued out an order of seizure and sale. The property was ordered to be sold according to the terms of the original contract, to wit: That the purchaser should assume the payment of the note of three thousand five hundred dollars with interest, and should pay, at their respective maturities, the other two notes of four thousand seven hundred and fifty dollars, so far as the price of the adjudication should go. The property brought only eight thousand dollars, and the object of this suit is to recover the balance of the price yet due to the plaintiff. The second note, of four thousand seven hundred and fifty dollars, became due shortly after the sheriff's sale, and appears not to have been protested.

After deducting the costs, the judge below applied the proceeds of the sale equally to the payment of the assumed note of three thousand five hundred dollars, and the first note of four thousand seven hundred and fifty dollars under protest, and gave judgment against Grant for the whole balance unpaid. As to Turnell, he was decreed to pay four hundred and sixty-two dollars and twenty-five cents, the balance thus found to remain due on the first note endorsed by him, but he was entirely released from all liability on the second note, on the ground that it had not been duly protested.

From this judgment the plaintiff has appealed. She urges that it is erroneous so far as relates to Turnell:

1. In discharging him from the payment of the second note of four thousand seven hundred and fifty dollars.

EASTERN DIST.
December, 1840.

M'MAHAN
vs.
GRANT AND
TURNELL.

2. In applying proportionally the proceeds of the adjudication to pay the assumed note of three thousand five hundred dollars, and that of four thousand seven hundred and fifty dollars.

I. It is contended on the part of the appellant, that although the second note has not been protested, yet under the peculiar circumstances of this case, Turnell should be held responsible for its amount; that about the time of the maturity of this note, he had, as it were, made the debt his own, and by his acts and whole course of conduct had induced plaintiff to consider the protest of the note as unnecessary. We think the judge acted correctly in releasing this endorser. The record shows that a few days after the sheriff's sale some negotiations. took place between the plaintiff's agent and Turnell. The latter appeared anxious to have the benefit of the adjudication made to plaintiff at eight thousand dollars, in order to save himself from too heavy a loss; being unable to procure the cash required by plaintiff, he had offered to transfer certain notes and bank stocks in lieu of cash, and time was to be allowed him to pay the balance due; this proposition had not been accepted, nor had any other positive arrangement been made, or understanding had in the matter when this note fell due. Nothing could have induced the plaintiff or her agent to believe that Turnell had waived his rights as endorser, and that it had become unnecessary to protest the note. It is more reasonable to infer, from all the circumstances, that this note having been filed with the others in the suit for the seizure of the property, its maturity was overlooked by plaintiff's agent. In fact, one of them states positively, that had the note been in his possession, he would have caused it to be protested. Pending negotiations with an endorser before maturity, which may or may not ripen into an agreement, cannot be considered as a waiver of the formalities necessary to fix his responsibility.

*A proposition made by an endorser before the note became due, to arrange and provide means for its payment, which were not accepted by the holder, does not dispense with protest and due notice to the endorser.*

*Pending negotiations with an endorser before maturity of the note, which may or may not ripen into an agreement, cannot be considered as a waiver of protest and notice.*

II. As to the imputation of the proceeds of the sheriff's sale, it is clear that the assumed note of three thousand five hundred dollars bore the first mortgage on the property sold,

and was to be paid in full, in preference to the other notes ; <span>EASTERN DIST.</span>
when Turnell endorsed them, he must have expected, in <span>*December*, 1840.</span>
case he took them up, to be subrogated to the mortgage of <span>ELIZABETH</span>
M'Mahan, Grant's vendor, in the situation in which it stood <span>THOMAS, F. W. C.</span>
in reference to that of M'Mahan's own vendor, of a previous <span>*vs.*</span>
<span>GENERIS ET AL.</span>
date, yet unsatisfied. The very terms of the adjudication <span>An assumed note by a vendee,</span>
indicate how the imputation was to be made ; had a stranger, <span>bearing the first</span>
instead of plaintiff, become purchaser at the sheriff's sale, <span>mortgage, must be paid in full,</span>
he would have retained in his hands the full amount of the <span>before those he</span>
note assumed, and would have paid over to the sheriff the <span>gives can come in under his</span>
balance, to be apportioned between the two other notes, had <span>mortgage.</span>
they been held by different persons. Under this view of the
subject, and on making the imputation in accordance there-
with, we find that John A. Turnell, should have been de-
creed to pay as endorser of the first note, eight hundred and
three dollars and one cent, instead of four hundred and sixty-
two dollars and twenty-five cents.

The judgment of the court below, as rendered against
Turnell, is, therefore, reversed ; and it is ordered and adjudg-
ed, that the plaintiff do recover of the said Turnell, eight
hundred and three dollars and one cent, with legal interest
from the 28th January, 1839, until paid, with costs in both
courts.